```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TEXAS
                    MIDLAND/ODESSA DIVISION


UNITED STATES OF AMERICA,        ) Case No. 7:20-CR-115
                                 )
     Plaintiff,                  ) COA No. 21-50462
                                 )
   vs.                           ) Midland, Texas
                                 )
ANGELINA LEATHERWOOD,            )
                                 ) October 26, 2020
     Defendant.                  )
_____) 9:34 a.m.
```

**TRANSCRIPT OF SENTENCING
BEFORE THE HONORABLE DAVID COUNTS
UNITED STATES DISTRICT JUDGE**

**APPEARANCES:**

**FOR THE GOVERNMENT:**
    MS. MONICA L. DANIELS, AUSA
    Office of the United States Attorney
    Midland-Odessa Division
    400 W. Illinois, Suite 1200
    Midland, Texas  79701


**FOR THE DEFENDANT:**
    MR. ALLEN R. STRODER
    Attorney at Law
    6010 Highway 191, Suite 230
    Odessa, Texas  79762


**COURT REPORTER:**
    MS. ANN M. RECORD, RMR, CRR, CMRS, CRI
    P.O. Box 2357
    Midland, Texas  79702

     Proceedings reported by machine shorthand reporter.
     Transcript produced by computer-aided transcription.

**I N D E X**

**PAGE**

Proceedings                                                    3

Ruling by The Court                                            11

```
 1                    P R O C E E D I N G S
 2            (At 9:34 a.m., proceedings commenced)
 3            (Defendant present)
 4            THE COURT:  The Court calls U.S. vs. Angelina
 5   Leatherwood in M/O:20-CR-115 today for sentencing.
 6            MS. DANIELS:  Monica Daniels for the government.
 7            MR. STRODER:  Allen Stroder for Ms. Leatherwood, Your
 8   Honor.
 9            THE COURT:  Thank you, Mr. Stroder, Ms. Daniels.
10            Ma'am, are you Angelina Leatherwood?
11            THE DEFENDANT:  Yes, sir.
12            THE COURT:  Very nice to see you, ma'am.
13            Mr. Stroder, do you believe Ms. Leatherwood to be
14   competent?
15            MR. STRODER:  She's competent, Your Honor.
16            THE COURT:  And have you reviewed with her the
17   Presentence Investigation Report?
18            MR. STRODER:  I have and the addendum, Your Honor.
19            THE COURT:  Very good.
20            And, Ms. Leatherwood, you've reviewed this report; is
21   that correct?
22            THE DEFENDANT:  Yes, sir.
23            THE COURT:  All right.
24            Mr. Stroder, are there objections or corrections to
25   the report from the defense?
```

1               MR. STRODER:  Yes, Your Honor, we had three
2    objections and not relying on the five-minute limation, I'm not
3    going to repeat No. 1.
4               THE COURT:  Thank you.
5               MR. STRODER:  I think in the addendum they lessened
6    the amount by a little bit so it does affect it.  According to
7    their calculations, it's now a Level 37, Category III.
8               THE COURT:  Level 36 now.
9               MR. STRODER:  Oh -- well --
10              THE COURT:  Well, no, 37.  You're right.
11              MR. STRODER:  Okay.  Anyway, so I won't repeat my
12   objections of that, although I don't want to really withdraw
13   it.
14              THE COURT:  Well, didn't they give you what you
15   wanted?  Oh, they did not.  They didn't go down enough.
16              MR. STRODER:  Yeah, we think it was an overestimate,
17   Your Honor.  But we realize in the plea agreement, actually,
18   that's what was put in there so we're not in a position to
19   really --
20              THE COURT:  Okay.  So you want to stick with the
21   objection even though they -- oh.
22              MR. STRODER:  Yes, I'll leave it in.  I don't know
23   that it's going to make any difference, Your Honor.
24              THE COURT:  Well, it appears that U.S. Probation
25   agreed with you.  You still think it's an overestimation.

1               MR. STRODER:  Right.
2               THE COURT:  I see.
3               MR. STRODER:  Even with the reduction, that was kind
4    of our --
5               THE COURT:  Okay.  Well, I'll overrule the objection
6    then.
7               MR. STRODER:  Thank you, Your Honor.
8               THE COURT:  The second one.
9               MR. STRODER:  And the second one, we're not going to
10   add to that.
11              THE COURT:  Okay.
12              MR. STRODER:  I would ask the Court to just rely on
13   our objection.
14              On the third one, there were some issues here, is
15   that probation is applying an enhancement due to the fact that
16   they believe it was -- involved the importation of meth.
17              And first off, I've reviewed the interview and I
18   couldn't find out where they talked about Mexico.  But I
19   understand that in the report, the officer mentioned it, but I
20   just couldn't find it in the interview.
21              And secondly, Your Honor, even accepting what the
22   report says, there is just no connection between her and the
23   importation.  I think it was some general thing, well, yeah,
24   it's probably from Mexico, but she doesn't know anything, any
25   of the details about it.  I don't believe the connection is

1  sufficient to add this enhancement.  It's not like there were
2  codefendants who were -- absolutely talked about this being
3  imported from Mexico.
4          There is not a lot of case law on it.  I haven't seen
5  this kind of enhancement myself, but the ones that usually --
6  there is no doubt that they're directly connected.  We believe
7  there is insufficient evidence to connect her with this
8  importation to attribute the two levels, Your Honor.
9          THE COURT:  Okay.
10         Ms. Daniels, anything to add to the probation
11 officer's response?
12         MS. DANIELS:  No, Your Honor.  We would stand by
13 probation's responses, and I think that both of the -- both
14 objections should be overruled and those points should stand as
15 they are.
16         THE COURT: And I agree.  So I'll overrule all three
17 objections.  And just for the record, the Objection 1 corrects
18 the level -- base offense level from 38 to 36.  There are two
19 plus two level objections taking us to level 40.  And then
20 minus three for acceptance of responsibility.  That's how we
21 get to the base offense level 37.  I rely upon the U.S.
22 Probation Officer's responses.
23         As to Objection No. 2, the firearm, the enhancement
24 for a weapon possession in (b)(1) of the guideline that we're
25 talking about reflects an increased danger of violence when

1  drug traffickers possess weapons.  That's in
2  Section 2D1.1(b)(1).
3           And then Objection 3, she relies upon -- the officer
4  relies upon Officer Tyler Rodgers' report on Page 6,
5  Paragraph 3, wherein it states that Leatherwood advised she
6  knew the methamphetamine came from Mexico but did not know how
7  the methamphetamine was brought across the border.  So that
8  objection is overruled as well.
9           Are there any other objections or any corrections?
10          MR. STRODER:  Not that I -- no, Your Honor.
11          THE COURT:  Ms. Daniels?
12          MS. DANIELS:  Not by the government, Your Honor.
13          THE COURT:  The Court has reviewed the Presentence
14 Investigation Report prepared by U.S. Probation Officer Angela
15 Lopez.
16          I find the report to be accurate.  I adopt it and the
17 application of the United States Sentencing Guidelines
18 contained in the report.
19          I find the total base offense level, as I stated, to
20 be 37.
21          Criminal history category is III.
22          The guideline range is 262 to 327 months.
23          Five years' supervised release.
24          Ineligible for probation.
25          $40,000 to $10 million fine is available.

1                And a $100 mandatory special assessment.
2                Mr. Stroder, what would you have the Court consider
3    as to Ms. Leatherwood?
4                MR. STRODER:  Your Honor, there is not a lot to
5    consider other than the fact that she cooperated from the
6    get-go when she was arrested.  So I would ask the Court to take
7    that into consideration and -- within that guideline range.
8    And I believe she hadn't been in a whole lot of trouble.  She
9    got some points because I think she's on probation and all that
10   business.
11               But, Your Honor -- and additionally, she's informed
12   me that she would like to go to somewhere in Alabama.
13               THE COURT:  Okay.
14               MR. STRODER:  I don't know of any.
15               THE DEFENDANT:  Alabama or anywhere out of state
16   really.
17               THE COURT:  Just not in Texas.
18               THE DEFENDANT:  Yes, sir.
19               THE COURT:  Okay. All right. We'll put that down.
20   Alabama or not -- just not anywhere in Texas.  Now, this is
21   recommendation.  Bureau of Prisons makes their own decision.
22               THE DEFENDANT:  Yes, sir.
23               THE COURT:  And I'm trying to remember, where did you
24   grow up?  Where do you have family?
25               THE DEFENDANT:  Oh, well, I'm from Snyder.

```
 1              THE COURT:  That's what I thought.
 2              THE DEFENDANT:  Yeah.  I just stayed in Odessa this
 3   last year when I got out.
 4              THE COURT:  But you don't want to be near -- and I
 5   think a lot of times what they'll do is they'll try to get you
 6   as close to home or family as they can.  Sometimes that's
 7   500 miles away, but they still try their best to get you close.
 8   If we tell them you prefer to go anywhere other than Texas,
 9   they're likely going to do that.
10              THE DEFENDANT:  Yes, sir.
11              THE COURT:  Because there are lots of other choices.
12              THE DEFENDANT:  Yeah, just anywhere out of the state.
13              THE COURT:  Okay.  All right.  I'll make that
14   recommendation.  Now, that's up to them, not me, but I'll make
15   the recommendation.
16              THE DEFENDANT:  Yes, sir.
17              THE COURT:  Mr. Stroder, did you have anything else?
18              MR. STRODER:  Nothing, Your Honor.
19              THE COURT:  All right.  So, Ms. Leatherwood, what you
20   would you like to say, ma'am?
21              THE DEFENDANT:  All I can say is, I mean, I'm going
22   to take my responsibility and take it like a champ.  I mean,
23   take this time and do it wisely.
24              THE COURT:  There is certainly a lot you can do even
25   in custody in the Bureau of Prisons.  You can be a huge
```

1  influence to a lot of people.
2          THE DEFENDANT:  Yes, sir.
3          THE COURT:  Other young ladies as well as men, I
4  think, if you're around some of those.  So you've got an
5  opportunity there.  This is going to be a lengthy sentence, but
6  you're young enough that you'll be able to withstand this.
7          Anything else you want to say, ma'am?
8          THE DEFENDANT:  No, sir.
9          MR. STRODER:  Your Honor, one other thing before I
10 forget.  If she's eligible for the drug treatment program, she
11 would like to do that.
12         THE COURT:  Oh, sure.  I'll make that recommendation.
13 And, you know, with a firearm finding, used to, we used to
14 think, oh, that's a disqualifier.  But we've been told that
15 Bureau of Prisons doesn't necessarily disqualify you because of
16 that.  Now, it may or may not help you as far as getting time
17 off of your sentence where I think it does in some instances.
18 And I'm not going to venture to say it won't because they make
19 their rules, I don't.  And I don't keep up on the BOP internal
20 rules on that, but I think it would be a wise chose to take.
21         THE DEFENDANT:  Yes, sir, I'm willing to take
22 whatever I can while I'm in there.
23         THE COURT:  Outstanding.  Very good.
24         And I was going to say -- I was going to ask you one
25 thing.  Okay.  Good.  You got your GED.  That's smart to do

1 that.

2      THE DEFENDANT:  Yes, sir.

3      THE COURT:  Ms. Daniels, anything from the
4 government?

5      MS. DANIELS:  No, Your Honor.

6      THE COURT:  The Court does not depart from the
7 recommended sentence.

8      Pursuant to the Sentencing Reform Act of 1984, which
9 I have considered in an advisory capacity, and the sentencing
10 factors set forth in 18 U.S.C., Section 3553(a), which I have
11 considered in arriving at a reasonable sentence, I find the
12 guideline range in this case to be fair and reasonable.

13      The defendant is placed in the custody of the United
14 States Bureau of Prisons to serve a term of imprisonment of
15 295 months.

16      Upon release from the United States Bureau of
17 Prisons, you are placed on supervised release to serve a term
18 of five years.

19      The standard and mandatory conditions of supervision
20 are imposed.

21      There is no fine imposed.  The Court finding the
22 defendant has an inability to pay a fine.

23      There is a $100 mandatory special assessment you are
24 required to pay to the Crime Victims Fund.

25      Your Presentence Report will be sealed.

1      You have the right to appeal your conviction and your
2 sentence, assuming you have not given up that right.  You must
3 file Notice of Appeal in writing within 14 days of the entry of
4 this judgment.  If you are unable to afford an attorney or the
5 transcript of the record of the case on appeal, those will be
6 provided at no expense to you.
7      Mr. Stroder, anything further on behalf of
8 Ms. Leatherwood?
9      MR. STRODER:  Nothing, Your Honor.
10      THE COURT:  And Ms. Daniels?
11      MS. DANIELS:  Nothing further, Your Honor.
12      THE COURT:  Ms. Leatherwood, I remand you to the
13 custody of the United States Marshals to serve your sentence.
14 Good luck to you.
15      THE DEFENDANT:  Thank you.
16      THE COURT:  Thank you.
17      (Proceedings concluded at 9:44 a.m.)
18      * * * * *
19
20
21
22
23
24
25

**C E R T I F I C A T E**

I, ANN M. RECORD, Former United States Court Reporter for the United States District Court in and for the Western District of Texas, hereby certify that the above and foregoing contains a true and correct transcript of the proceedings in the above-entitled and numbered cause.

WITNESS MY HAND on this 22nd day of July, 2021.


         /s/Ann M. Record
Ann M. Record, RMR, CRR, CMRS, CRI
Former United States Court Reporter
P.O. Box 2357
Midland, Texas  79702